# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2252

_____

United States of America,

*Plaintiff - Appellee*,

v.

Elizandro Moises Hernandez-Gonzalez,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: November 6, 2014
Filed: December 19, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Elizandro Hernandez-Gonzalez (Gonzalez) pleaded guilty to selling and aiding and abetting the sale of social security cards, in violation of 42 U.S.C. § 408(a)(7)(C) and 18 U.S.C. § 2. The district court sentenced him to 16 months in prison and one year of supervised release. The prison sentence imposed was within the Sentencing Guidelines range of 12-18 months calculated by the district court, based on a total

offense level of 12 and a Category II criminal history score, resulting from the assignment of two criminal history points for two prior convictions. One of the points was assigned for a 2003 Driving Under the Influence (DUI) conviction which Gonzalez committed when he was 17. He did not object to the assignment of one criminal history point for this conviction.

On appeal, counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence was substantively unreasonable. We denied counsel's withdrawal motion and ordered supplemental briefing addressing whether the district court committed plain error warranting relief, under the standards of *United States v. Olano*, 507 U.S. 725 (1993), when it assigned a criminal history point for the DUI conviction.

Upon reviewing the supplemental briefs, we agree with the parties that the district court erred in assigning a criminal history point for Gonzalez's DUI offense, because the conviction did not meet any of the criteria for assigning points to offenses committed by defendants when they were under age 18. *See* U.S.S.G. § 4A1.2(d). We conclude, however, that the error did not affect Gonzalez's substantial rights, because he has not shown a "reasonable probability that he would have received a lighter sentence but for the error." *See United States v. Molnar*, 590 F.3d 912, 915 (8th Cir. 2010). Without the incorrectly assigned point, Gonzalez's criminal history score would have been Category I, and his Guidelines imprisonment range would have been 10-16 months. When choosing a prison sentence, the district court commented that "16 months is the more reasonable sentence and one that reflects the [18 U.S.C. §] 3553(a) factors and is sufficient but not greater than necessary to achieve all of the sentencing purposes." Gonzalez has pointed to nothing suggesting that the district court—had it properly calculated the advisory range—would have imposed a sentence of less than 16 months in prison. *See United States v. Pirani*, 406 F.3d 543, 553 (8th Cir. 2005) (en banc).

Accordingly, we affirm.

_____